■ HARRY E. GASKELL, Respondent, v. SALMAR DEVELOPMENT CORPORATION et al., Appellants.— In an action on promissory notes, the appeal is from an order restoring, on respondent's motion, the case to the Trial Calendar for immediate trial. The action was commenced in July, 1955, and issue was joined on September 15, 1955. After respondent's motion for summary judgment had been denied, the case was placed on the calendar and appeared on the Trial Term Calendar on February 20, 1956, at which time it was marked "over" at respondent's request. On October 2, 1957 the case was struck from the calendar for failure to file the required statement of readiness pursuant to the special rule of this court. On October 2, 1958 the case was dismissed pursuant to rule 302 of the Rules of Civil Practice by the Clerk of the court. On June 25, 1959 respondent's new attorney moved to restore the action to the calendar. The excuses offered by the attorney for not filing a statement of readiness were inadvertence and the fact that the statement of readiness rule was promulgated after the case had been placed on the calendar. No explanation was offered for failing to move within a year to open the default and to restore the action to the calendar pursuant to rule 302, nor was there any statement showing a meritorious cause of action. Order reversed, without costs, and motion denied, with leave to respondent to renew

the motion, if he be so advised, on affidavits showing merit and a reasonable excuse for the delay. In our opinion, it was an improvident exercise of discretion to have granted the motion on the facts presented. Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ., concur.